**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAJEEV MUNJAL,

                Plaintiff,

      -against-

EMIRATES,

                Defendant.

**Case No. 21-CV-08401 (PAE) (DCF)**

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE**
**ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiff Rajeev Munjal ("Plaintiff") and counsel for Emirates (hereinafter referred to as "Defendant"), that the following provisions will govern the production and use of Confidential Information in this action:

        1.      Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client and pursuant to Paragraph 2. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

        2.      The party or person producing or disclosing information of any kind in the course of discovery in this action may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

        a.    Previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates,

minimum guarantee payments, sales reports, sale margins, and finance reviews and follow-up reports);

b.  Previously non-disclosed material relating to ownership or control of any non-public company;

c.  Previously non-disclosed business plans, product-development information, or marketing plans;

d.  Any information of a personal or intimate nature regarding any individual;

e.  Any non-public, internal workplace policies and procedures of the parties;

f.  Any other documents the parties hereafter mutually agree may be designated as Confidential; and

g.  Any other category of information given Confidential status by this Court after the date of this Order.

3.      Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4.      In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

5.      Information or documents designated as "confidential" shall not be disclosed to any person, except:

          a.      The parties to this action, their insurers, and counsel to their insurers;

          b.      Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

          c.      Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

          d.      Any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

          e.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

          f.      Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

          g.      Any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

          h.      Stenographers engaged to transcribe depositions the parties conduct in this action; and

          i.      This Court, including any appellate court, its support personnel, and court reporters.

6.      Prior to disclosing or displaying the Confidential Information to any person, except for those identified in 5(i) above, counsel shall:

a.      inform the person of the confidential nature of the information or documents; and

b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.      The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 5(g) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit "A."  In the event such person refuses to sign an agreement in the form attached as Exhibit "A," the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8.      The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than five (5) days after the document or information's production.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9.      All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, may be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under

- 4 -

seal until further order of the Court.  Any request or motion requiring that specific Confidential Information be filed under seal shall be made to the Court by the producing party of such Confidential Information.  To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

   10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

**NON-WAIVER "CLAWBACK" PROVISIONS**
**AS TO PRIVILEGED INFORMATION**

   11. The documents reviewed by the parties for possible production as relevant and responsive might include information protected from disclosure as "privileged" and not subject to discovery under Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502, and/or another applicable source of law ("Privileged Material").  The Privileged Materials include, but are not limited to, attorney-client communications and work product.  In view of the volume of Electronically Stored Information ("ESI") that the parties anticipate will be involved in this case, a party may inadvertently produce and disclose privileged ESI despite its reasonable, best efforts to conduct a thorough pre-production review of all ESI and other documents.  For this reason, the parties agree as follows:

a.   The inadvertent disclosure of any ESI or document which is subject to a legitimate claim that the ESI or document should have been withheld from disclosure as Privileged Material shall NOT waive any privilege or other applicable protective doctrine for that ESI or paper record or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return.   The inadvertent disclosure also shall not estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or any other legally-recognizable privilege at a later date.  In order to be entitled to this protection, there shall be no requirement for the producing party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

b.   Except in the event that the party receiving the Privileged Material disputes the claim, any ESI or document that the producing party deems to contain inadvertently disclosed Privileged Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such information.  In the event that the producing party requests destruction, the receiving party shall provide written certification of compliance within thirty (30) days of such written request.

c.      In the event that the receiving party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of receiving party for the sole purpose of seeking court determination of the issue, as specified by Federal Rule of Civil Procedure 26(b)(5)(B).  The receiving party shall promptly present the information to the Court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.

d.      If the receiving party receives a document or ESI file that it in good faith believes is subject to a legally recognizable privilege or evidentiary protection, then the receiving party shall:  (1) refrain from further review of the document or ESI once the privileged nature of the document or ESI is ascertained;  (2) promptly notify the producing party in writing that it has discovered documents or ESI believed to be Privileged Material; (3) specifically identify the documents or ESI by Bates type control number range or hash value range; and (4) where possible, return, sequester, or destroy all copies of such documents and ESI, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving party.  Where such documents or ESI cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding, the receiving party is under

no obligation to search or review producing party's documents or ESI to identify potentially privileged or work product protected documents or ESI.

e.     Any such Privileged Material inadvertently disclosed by the producing party to the receiving party, shall be and remain the property of the producing party.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
(212) 338-9100

By: _____
        David N. Mair


ATTORNEYS FOR PLAINTIFF

Dated:  February 10, 2022

SO ORDERED.

Dated: February 10, 2022

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

By:     *s/ John J. Porta*
          John J. Porta
          Gregory S. Slotnick

ATTORNEY FOR DEFENDANT

Dated:  February 10, 2022

_____
HON. PAUL A. ENGELMAYER

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAJEEV MUNJAL,

                            Plaintiff,                    **Case No. 21-CV-08401 (PAE) (DCF)**

                -against-

EMIRATES,

                          Defendant.

        I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Rajeev Munjal v. Emirates* have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

_____DATED:


Signed in the presence of:

_____ *(Attorney)*


4861-1414-1965, v. 1